## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

PEARL ADAMS, *individually and on behalf of all others similarly situated*,

Plaintiff,

v.

USCB Corporation,

Defendant.

Civil Action No:

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Pearl Adams (hereinafter, "Plaintiff") brings this Class Action Complaint, by and through her attorneys, against Defendant USCB Corporation (hereinafter, "Defendant"), individually and on behalf of a class of all others similarly situated, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the Fair Debt Collection Practices Act (the "FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." *Id*. at §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using

1

abusive debt collection practices are not competitively disadvantaged." *Id.* at § 1692(e). After determining that the existing consumer protection laws were inadequate, *see id*. at § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* at § 1692k.

## JURISDICTION AND VENUE

3.     The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 *et seq*. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Defendant resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.     Plaintiff brings this class action on behalf of a class of consumers pursuant to § 1692 *et seq*. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA").

6.     Plaintiff and the Class members are seeking damages and declaratory relief.

## PARTIES

7.     Plaintiff is a resident of the State of South Carolina, County of Spartanburg.

8.     At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1692a(3) and as defined under 12 CFR § 1006.2(e).

9.     Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, as well as defined in 12 CFR § 1006.2(i)(1).

10.     Defendant can be served upon its registered agent, Corporation Service Company, 2595 Interstate Drive, Suite 103, Harrisburg, PA 17110.

11.     Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

12.     Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13.     The Class consists of:

a.      All individuals;

b.      Who received a collection communication from the Defendant;

c.      Attempting to collect a consumer debt;

d.      Providing an amount owed;

e.      Based on a particular date range between a date unknown and "today";

f.      With incorrect or missing itemization dates;

g.      which was sent on a date on or after the CFPB Regulation F took effect on November 30, 2021;

h.      which failed to include all necessary information and notices under 12 CFR §§ 1006.34 and/or 1004.42; and

i.      which improper collection actions occurred on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

14.     The identities of all Class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect and/or have purchased debts.

15.     Excluded from the class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16.     There are questions of law and fact common to the Class, which common questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's communications to consumers, similar in form to that attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

17.     Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor her attorneys, have any interests that might cause them not to vigorously pursue this action.

18.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in this litigation:

      a.     **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Class defined above is so numerous that joinder of all members would be impractical.

      b.     **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and those questions predominate over

any questions or issues involving only individual class members. The principal issue is whether the Defendant's communications to consumers after creating a payment plan, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff, and all members of the Class, have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues and class actions. Neither the Plaintiff, nor her counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class

predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

21.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

22.     At some time prior to October 3, 2023, Plaintiff allegedly incurred an obligation with Stratford Career Institute (hereinafter, "SCI") arising out of a transaction with Plaintiff.

23.     The SCI obligation arose out of a transaction incurred primarily for personal, family or household purposes.

24.     The alleged SCI obligation is a "debt" as defined by 15 U.S.C. § 1692a(5) and as defined by 12 CFR § 1006.2(h).

25.     SCI is a " creditor" as defined by 15 U.S.C. § 1692a(4) and as defined by 12 CFR § 1006.2(g).

26.     Upon information and belief, SCI contracted with Defendant for the purpose of collecting this debt.

27.     Defendant uses the instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts. Defendant also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

*Violation – October 3, 2023 Collection Letter*

28.     On or about October 3, 2023, Plaintiff received a collection letter from the Defendant to collect upon the SCI debt. A true and accurate copy of the collection letter Defendant mailed to the Plaintiff is attached as Exhibit A, hereinafter "Letter."

29.     The Letter is not properly itemized.

30.     Defendant states, in relevant part:

You had an account with Stratford Career Institute., with account number ***3321.

| | | |
|---|---|---|
| As of  /  / , you owed: | | $769.00 |
| Between  /  / , and today: | | |
| You were charged this amount in interest: | + | $0.00 |
| You were charged this amount in fees: | + | $0.00 |
| You paid or were credited with this amount toward the debt: | - | $0.00 |
| **Total amount of the debt now:** | | **$769.00** |

31.     There is no way to determine from the Letter which date "as of" and "between" refer to, as the various required itemization categories lack all required dates.

32.     The Plaintiff was thereby misled as to the status of the subject debt, for it was not associated with a particular date.

33.     Letters that lack this information make them seem illegitimate.

34.     A consumer, such as Plaintiff, cannot pay an alleged debt, trusting the debt collector, such as Defendant, and the statements made within the debt collector's correspondence, when it appears that the information stated in the debt collector's letter is incorrect, inaccurate, or otherwise misleading, making the consumer question the legitimacy of the debt collector's attempts to collect the alleged debt.

35.    The fact that Defendant did not date the itemization and yet attempted to define the subject debt based on a nebulous date was suspicious, misleading, and out of character for a legitimate debt collection.

36.    Therefore, Defendant's omissions cast a negative shadow over its debt collection practice in general.

37.    By withholding the date of the itemization, Defendant withheld a material term from Plaintiff which made it confusing for her to understand the nature of the subject debt.

38.    Additionally, it is possible that the debt is not static, so it is impossible for Plaintiff to determine if the debt is continuing to accrue fees without a date defining the time period of the breakdown of the debt.

39.    When they go astray, debt collectors often introduce a tacit element of confusion into their dunning letter to leave the consumer somewhat uninformed.

40.    This strategy helps debt collectors to achieve leverage over consumers by keeping key pieces of information away from them.

41.    When a consumer is faced with something less than the total story behind owing a debt, they often give up and choose to pay an unwarranted debt to avoid further trouble.

42.    Knowing the state of affairs and the swift tricks that debt collectors attempt against consumers, Congress passed laws to protect consumers.

43.    One important element of consumer protection revolves around keeping the consumer informed.

44.    When a consumer has as much information as the debt collector, they are most capable of handling repayment in full or part, disputing the debt, or otherwise communicating with the debt collector on a more equal playing field with the debt collector.

45. However, when a debt collector withholds key information about a debt from the consumer, they encourage rash decision-making and consumers are left without any power to face the debt collector in a meaningful way.

46. These violations by Defendant were unconscionable, knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

47. As dating the itemization is so basic in the collection world, the fact that Defendant left the itemization dateless arouses suspicion as to their underlying motivations for doing so.

48. The non-dated itemization coupled with the references to "as of" and "between" make it appear that the entire letter is just an attempt to improperly extort money from Plaintiff and coerce Plaintiff to pay.

49. Defendant's actions created an appreciable risk of harm to Plaintiff of being unable to properly respond to or handle Defendant's debt collection efforts.

50. Plaintiff's failure to pay the debt arose from the collection Letter itself because Plaintiff believed it was an attempt to collect inaccurate or improper monies.

51. That harm would further materialize because Defendant's actions caused Plaintiff to expend time, in reliance on the improper content of the letter and lack of consistent sensible information, to ascertain what her options and possible responses could or should be.

52. Defendant's collection efforts with respect to the alleged debt caused Plaintiff to suffer concrete and particularized harm, *inter alia*, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

53.     Defendant's deceptive, misleading, and unfair representations and/or omissions with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately or informatively respond to Defendant's demand for payment of this alleged debt.

54.     Plaintiff was uncertain about the legitimacy of the Letter and misled to her detriment by the statements and/or omissions in the dunning Letter, and relied on the contents of the Letter to her detriment.

55.     Plaintiff would have pursued a different course of action were it not for Defendant's violations.

56.     Because of Defendant's actions, the funds Plaintiff could have used to pay all or part of the alleged debt were spent elsewhere.

57.     In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over her funds.

58.     Plaintiff was misled and made uncertain to her detriment by the statements and/or omissions in the Letter and relied on the contents of the Letter to her detriment.

59.     When a debt collector fails to effectively inform the consumer of their rights and legal status of their debts, in violation of the law, the debt collector has harmed the consumer.

60.     As a result of Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

## <u>COUNT I</u>
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## <mark>15 U.S.C. §1692d</mark> et seq.

61.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered 1 through 60 above herein with the same force and effect as if the same were set forth at length herein.

62.    Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to <mark>15 U.S.C. § 1692d</mark>.

63.    Pursuant to <mark>15 U.S.C. §1692d</mark>, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

64.    Defendant violated §1692d:

    a.   By omitting itemization dates in their dunning letter and defining Plaintiff's debt based on these omitted date.

65.    By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692d et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## <u>COUNT II</u>
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## <mark>15 U.S.C. §1692e</mark> et seq.

66.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered 1 through 65 above herein with the same force and effect as if the same were set forth at length herein.

67.    Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to <mark>15 U.S.C. § 1692e</mark>.

68.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

69.     Defendant violated §1692e:

    a.  As the letter falsely represents the true character and/or legal status of the debt in violation of §1692e(2)(A); and

    b.  By making a false and misleading representation/omissions in violation of §1692e(10).

70.     By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

<u>**COUNT III**</u>
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692f et seq.**

71.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered 1 through 70 above herein with the same force and effect as if the same were set forth at length herein.

72.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

73.     Pursuant to 15 U.S.C. §1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

74.     Defendant violated §1692f:

    a.  By omitting a material term from the dunning letter to disadvantage the Plaintiff from making an educated decision regarding the subject debt;

75.    By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**<u>COUNT IV</u>**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692g** *et seq.*

76.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered 1 through 75 above herein with the same force and effect as if the same were set forth at length herein.

77.    Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

78.    Pursuant to 15 USC §1692g(a):

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
> 1.    The amount of the debt;
>
> 2.    The name of the creditor to whom the debt is owed;
>
> 3.    A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;
>
> 4.    A statement that the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> 5.    A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the

13

consumer with the name and address of the original creditor, if different from the current creditor.

79.    Defendant violated Section 1692g(a):

a.    Failing to properly provide required information regarding the debt by leaving the itemization dates blank.

80.    By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

81.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Pearl Adams, individually and on behalf of all others similarly situated, demands judgment from Defendant as follows:

1.    Declaring that this action is properly maintained as a Class Action and certifying the Plaintiff as Class Representative, and the undersigned as Class Counsel;

2.    Awarding the Plaintiff and the Class actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

3.    Awarding the Plaintiff and the Class statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

4.    Awarding the Plaintiff costs for this Action, including reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

5.    Providing declaratory relief for the Plaintiff and the Class by stating that the Defendant violated the FDCPA pursuant to 28 U.S.C. § 2201;

6.    Awarding the Plaintiff and the Class punitive damages for Defendant's willful and reckless conduct; and

7.    Awarding the Plaintiff and the Class any such other and further relief as this Court may deem just and proper.

Dated:  November 28, 2023                          Respectfully submitted,

                                                   **Law Offices of Scott H. Bernstein LLC**

                                                   */s/ Scott Bernstein*
                                                   Scott Bernstein, Esq.
                                                   101 Eisenhower Pkwy, Suite 300
                                                   Roseland, New Jersey 07068
                                                   Telephone:  (862) 245-2667
                                                   scott@scottbernsteinlaw.com
                                                   *Counsel for Plaintiff, Pearl Adams*